## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

_____

**WISCONSIN LABORERS HEALTH FUND,
BUILDING & PUBLIC WORKS LABORERS
VACATION FUND, WISCONSIN LABORERS
APPRENTICESHIP & TRAINING FUND, and
JOHN J. SCHMITT (in his capacity as Trustee),**

**WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST FUND,**

**WISCONSIN LABORERS DISTRICT COUNCIL,**

          **Plaintiffs,**

    **v.**                                          **Case No.  14-cv-04**

**MJ CONSTRUCTION, INC. and
MICHAEL J. TOMASINI,**

          **Defendants.**

_____

## COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by

Christopher J. Ahrens, and as and for a cause of action against the Defendants, allege

and show to the Court the following:

## Jurisdiction and Venue

1.      Jurisdiction of this Court upon Defendants MJ Construction and Michael J.

Tomasini is founded upon section 502 of the Employee Retirement Income Security Act

of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management

Relations Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. § 185(a)), in that

the Plaintiffs are aggrieved by the Defendants' violation of certain collective bargaining

agreements, trust plans and trust agreements, and Defendants' continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, section 301 of the LMRA, and the common law of the State of Wisconsin.

2.      Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Defendants' principal place of business is located in Milwaukee County, Wisconsin.

## Parties

3.      Plaintiffs Wisconsin Laborers Health Fund, Building & Public Works Laborers Vacation Fund, and Wisconsin Laborers Apprenticeship & Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and bring this action on behalf of the trustees, participants, and beneficiaries of said Plans. Said Plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin  53532.

4.      Plaintiff John J. Schmitt is a trustee and beneficiary of the Wisconsin Laborers Health Fund and as such, has standing to be a plaintiff in this action.  Mr. Schmitt maintains an office at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

5.      Plaintiff Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund") is an employee benefit plan governed by a board of trustees

-2-

consisting of union and labor employee appointees as provided by LMRA § 302(c)(5), whose purpose is to address areas of common concern to labor and management in the construction industry, including but not limited to labor standards issues such as OSHA and prevailing wage laws. Said Plan maintains an office at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

6. Plaintiff Wisconsin Laborers District Council is a labor organization ("Union") within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains offices at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

7. MJ Construction, Inc. is a Wisconsin corporation, engaged in business, with principal offices located at 8617 North Kaul Avenue, Milwaukee, Wisconsin 53225. Its registered agent for service of process is Michael J. Tomasini, 8617 West Kaul Avenue, Milwaukee, Wisconsin 53225.

8. Upon information and belief, Michael J. Tomasini is an adult resident of the State of Wisconsin, with a residence located at W162 N8224 Tamarack Court, Menomonee Falls, Wisconsin 53051.

### Facts

9. MJ Construction is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12), and (14) (29 U.S.C. §§ 1002(5), (11), (12), and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

-3-

10.    For all times relevant, MJ Construction was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Wisconsin Laborers District Council (hereinafter "Union").

11.    The Union represents, for purposes of collective bargaining, certain MJ Construction employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a), and 301(a) (29 U.S.C. § 151, et seq.).

12.    The Labor Agreements described herein contain provisions whereby MJ Construction agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

13.    By execution of said Labor Agreements, MJ Construction adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration and designated as its representatives on the board of trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

14.    By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, MJ Construction has agreed as follows:

-4-

a.    to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

b.    to deduct from each employee who has so authorized, working dues and to timely pay said amounts to the Union;

c.    to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

d.    to adopt and abide by all of the rules and regulations adopted by the trustees of the Plaintiffs pursuant to the trust agreements;

e.    to adopt and abide by all of the actions of the trustees in administering the Plaintiffs in accordance with the trust agreements and the rules so adopted;

f.    to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

g.    to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

15.    MJ Construction has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

-5-

a.  failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of MJ Construction's covered employees; and

b.  failing to accurately report employee work status to the Plaintiffs.

16.  ERISA § 502(g)(2), as amended by the MPPAA provides:

(2)  In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the Court shall award the plan --

(A)  the unpaid contributions,

(B)  interest on the unpaid contributions,

(C)  an amount equal to the greater of --

(i)  interest on the unpaid contributions, or

(ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)  reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E)  such other legal or equitable relief as the Court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

17.  ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

-6-

18. Despite demands that MJ Construction perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, omitted, and refused to make those payments. MJ Construction is now indebted to the Plaintiffs as follows:

Audited Period:  September 1, 2010 through September 30, 2012:

| | |
|---|---|
| Wisconsin Laborers Health Fund | $29,843.27 |
| Building & Public Works Laborers Vacation Fund | 3,507.82 |
| Wisconsin Laborers Apprenticeship & Training Fund | 891.33 |
| LECET Fund | 310.02 |
| Wisconsin Laborers District Council | 3,295.51 |

Unaudited Period:  October 1, 2012 through the Present:

| | |
|---|---|
| Wisconsin Laborers Health Fund | Unknown |
| Building & Public Works Laborers Vacation Fund | Unknown |
| Wisconsin Laborers Apprenticeship & Training Fund | Unknown |
| LECET Fund | Unknown |
| Wisconsin Laborers District Council | Unknown |

19. MJ Construction deducted contributions due the Building & Public Works Laborers Vacation Fund ("Vacation Fund") from its employees' paychecks but failed to submit same to the Vacation Fund.

20. Upon information and belief, Michael J. Tomasini is one of MJ Construction's officers, shareholders, and/or directors.

21. Upon information and belief, Michael J. Tomasini is the only individual with authority to decide whether MJ Construction submits contributions to the Vacation Fund.

-7-

## **Claim One - Against Defendant MJ Construction, Inc.**
## **Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

22.     As and for a claim for relief against MJ Construction, Plaintiffs reallege each and every allegation contained in paragraphs 1 through 21 above and incorporate the same as though fully set forth herein word for word.

23.     For purposes of this claim (Claim One), the Wisconsin Laborers Health Fund, Building & Public Works Laborers Vacation Fund, and Wisconsin Laborers Apprenticeship & Training Fund are hereinafter referred to as the "Funds."

24.     Due demand has been made by the Funds upon MJ Construction for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

25.     Because MJ Construction has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

26.     Because MJ Construction has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify.  These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, the Funds demand the following relief:

1.     Judgment on behalf of the Funds and against MJ Construction:

   A.     For $34,242.42, representing contributions, interest, and liquidated damages owed to the Funds for the audit period covering September 1, 2010 through September 30, 2012;

   B.     For unpaid contributions, interest, and liquidated damages owed to the Funds for the period October 1, 2012 through the present;

   C.     For unpaid contributions, interest, and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

   D.     Actual attorney fees and the costs of this action.

2.     For such other, further, or different relief as the Court deems just and proper.

### Claim Two - Against Defendant MJ Construction, Inc.
### Violation of LMRA § 301 (29 U.S.C. § 185)

27.     As and for a second claim for relief against MJ Construction, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 26 above and incorporate the same as though fully set forth herein word for word.

28.     Due demand has been made upon MJ Construction for payment of all working dues owed to the Union and contributions owed to the LECET Fund, but said Defendant has refused to pay them, and amounts remain due and owing.

29.     Because, as the Union and LECET Fund are informed and believe, MJ Construction has not paid timely and prompt working dues and contributions on behalf

-9-

of union members, the Union's and LECET Fund's incomes are reduced and their members may be forced to pay working dues out of pocket, even though said amounts may have already been deducted from their paychecks by MJ Construction. Consequently, LMRA has been violated, and the Union and LECET Fund are entitled to all of the remedies provided by LMRA.

**WHEREFORE**, the Union and LECET Fund demand the following relief:

1.      Judgment on behalf of the Union and LECET Fund and against MJ Construction as follows:

> A.      For $310.02, representing unpaid contributions and interest owed to the LECET Fund for the audit period covering September 1, 2010 through September 30, 2012;
>
> B.      For $3,295.51, representing unpaid working dues owed to the Union for the audit period covering September 1, 2010 through September 30, 2012;
>
> C.      For unpaid working dues owed to the Union and contributions, interest, and liquidated damages owed to the LECET Fund for the period October 1, 2012 through the date this action was commenced;
>
> D.      For unpaid working dues owed to the Union and contributions, interest, and liquidated damages owed to the LECET Fund becoming due and/or arising after the commencement of this action through the date of judgment; and

-10-

E.    Actual attorney fees and the costs of this action.

2.    For such other, further, or different relief as the Court deems just and proper.

### Claim Three - Building & Public Works Laborers Vacation Fund Claim
### Against Michael J. Tomasini, Personally
### Violation of ERISA § 409 (29 U.S.C. § 1109)

30.    As and for a claim for relief against Michael J. Tomasini ("Tomasini"), Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 29 above and incorporate the same as though fully set forth herein word for word.

31.    By his failure to submit fund assets to the Vacation Fund, Tomasini exercised "authority or control respecting management or disposition of [the Plan's] assets." ERISA § 3(21)(A)(i) (29 U.S.C. § 1002(21)(A)(i)).

32.    By failing to submit MJ Construction's employees' contributions, which were deducted from employees' paychecks, to the Vacation Fund, Tomasini breached his fiduciary duties to the Vacation Fund and engaged in a prohibited transaction pursuant to ERISA §§ 414(a) and 406(b)(1).

33.    As a result of his conduct, Tomasini is personally liable for all contributions owed to the Vacation Fund, as well as any income which would have been realized had said contributions been made timely.  See ERISA § 409 (29 U.S.C. § 1109).

**WHEREFORE**, the Building & Public Works Laborers Vacation Fund demands the following relief:

-11-

1.    Judgment on behalf of the Vacation Fund and against Tomasini, jointly and severally:

    A.    For $3,507.82, representing contributions and interest owed to the Vacation Fund for the audit period September 1, 2010 through September 30, 2012;

    B.    For unpaid contributions, interest, and liquidated damages owed to the Vacation Fund for the period October 1, 2012 through the date this action was commenced;

    C.    For unpaid contributions, interest, and liquidated damages owed to the Vacation Fund arising after the commencement of this action through the date of judgment; and

    D.    For the loss of any income which would have been realized had the contributions been made to the Funds on a timely basis.

2.    For such other, further, or different relief as this Court deems just and proper.

### Claim Four – Wisconsin Laborers District Council Claim
### Against Michael J. Tomasini, Personally,
### Civil Theft, §§ 895.446 and 943.20, Wis. Stats.

34.    As and for a claim for relief against Defendant Tomasini, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 33 above and incorporate the same as though fully set forth herein word for word.

-12-

35.     By his intentional conduct and by virtue of his position as a shareholder, corporate officer, director, and/or president of MJ Construction, Tomasini has retained possession of working dues without the Union's consent.

36.     Tomasini has intentionally retained working dues with the intent to convert said monies for his own use or for the use of MJ Construction.

37.     By virtue of his conduct, Tomasini has violated Wis. Stats. §§ 895.446 and 943.20.

**WHEREFORE**, the Union demands the following relief:

1.     Judgment on behalf of the Union and against Tomasini, jointly and severally:

    A.     For $3,295.51, representing unpaid working dues owed to the Union for the audit period covering September 1, 2010 through September 30, 2012;

    B.     For treble (exemplary) damages of not more than $9,886.53;

    C.     For any amounts deducted from MJ Construction's employees' paychecks which have not been paid to the Union for working dues for the period October 1, 2012 through the date this action was commenced;

    D.     For treble (exemplary) damages of not more than three times the amount deducted from MJ Construction's employees' paychecks which have not been paid to the Union for working dues for the

-13-

period October 1, 2012 through the date this action was commenced;

E.      For unpaid working dues owed to the Union becoming due and/or arising after the commencement of this action through the date of judgment;

F.      For treble (exemplary) damages of not more than three times the unpaid working dues owed to the Union becoming due and/or arising after the commencement of this action through the date of judgment; and

G.      Actual attorney fees and the costs of any investigation and litigation related to this action.

2.      For such other, further, or different relief as this Court deems just and proper.

### Claim Five – Wisconsin Laborers District Council Claim
### Against Michael J. Tomasini, Personally
### Common Law Conversion

38.      As an alternative to Claim Four, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 37 above and incorporate the same as though fully set forth herein word for word.

39.      Tomasini did not have authority, legal or otherwise, from the Union to deduct monies from MJ Construction's employees' paychecks without turning said monies over to the Union or to use said monies for any purpose other than to pay MJ Construction's employees' working dues.

-14-

40.     By virtue of Tomasini's intentional conduct, the Union has not received working dues for its members, even though said monies have been deducted from the members' paychecks.

41.     Through his intentional conduct of deducting working dues from MJ Construction's employees' paychecks and failing to forward those dues to the Union, Tomasini took property belonging to the Union and has interfered with said Plaintiff's lawful rights to possess the working dues.

**WHEREFORE**, the Union demands the following relief:

1.     Judgment on behalf of the Union and against Tomasini, jointly and severally:

    A.     For $3,295.51, representing unpaid working dues owed to the Union for the audit period covering September 1, 2010 through September 30, 2012;

    B.     For unpaid working dues owed to the Union for the period October 1, 2012 through the date this action was commenced; and

    C.     For unpaid working dues owed to the Union becoming due and/or arising after the commencement of this action through the date of judgment.

2.     For such other, further, or different relief as this Court deems just and proper.

-15-

Dated this 2nd day of January, 2014.

s/Christopher J. Ahrens
Christopher J. Ahrens (SBN: 1043237)
The Previant Law Firm, S.C.
1555 North RiverCenter Drive, Suite 202
P. O. Box 12993
Milwaukee, WI 53212
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: cja@previant.com

Attorneys for Plaintiffs
